UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
DONTRELL CLARKE,

                        Petitioner,

- against -

SUPERINTENDENT GLENN S. GOORD,

                        Respondent.

NOT FOR PUBLICATION

MEMORANDUM
DECISION

07-CV-0366 (BMC)

-------------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner, currently incarcerated at Attica Correctional Facility, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after a jury convicted him of murder in the second degree and criminal possession of a weapon in the second degree. He is currently serving a prison term of twenty years to life for the murder charge and seven years for the criminal possession of a weapon charge.

The petition as filed raised three claims: (1) that the prosecution failed to disprove petitioner's justification defense beyond a reasonable doubt; (2) that petitioner's right to counsel was violated; and (3) that petitioner's Confrontation Clause rights were violated because he was not given the opportunity to confront a witness. Because I find each of these grounds either procedurally barred, unexhausted, or meritless, the petition is DENIED as it relates to them.

Additionally, in his reply memorandum of law, petitioner raised, for the first time, an ineffective assistance of appellate counsel claim. He had asserted this claim in one of his prior state court proceedings. Petitioner argues here, as he did in state court, that appellate counsel was ineffective because he failed to raise his Confrontation Clause and

right to counsel claims on direct appeal. In light of petitioner's *pro se* status, this court deems the petition amended to raise this claim as well. For the reasons stated below, this claim is also DENIED.

## I. The Justification Defense Claim

After trial, petitioner appealed his conviction to the Appellate Division, Second Department, arguing that the "prosecution failed to disprove beyond a reasonable doubt that petitioner had acted in self-defense." On October 12, 2004, the Appellate Division rejected petitioner's claim, finding it unpreserved for appellate review, and the Court of Appeals denied leave to appeal.[1] People v. Clarke, 11 A.D.3d 554, 782 N.Y.S.2d 814, (2d Dep't), leave to app. den., 821 N.E.2d 977, N.Y.S.2d 672 (2004).

For purposes of habeas review, federal courts "may not review the judgment of a state court that 'rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision.'" Jimenez v. Walker, 458 F.3d 130, 136 (2d Cir. 2006) (quoting Harris v. Reed, 489 U.S. 255, 260, 109 S.Ct 1038 (1989)). If the state court based its decision on an adequate and independent state law ground, this court will decline review unless petitioner can show "cause and prejudice," or demonstrate that failure to consider the claim will result in a "miscarriage of justice." Jimenez, 458 F.3d at 138.

Here, the Appellate Division found the claim procedurally barred, relying on New York's contemporaneous objection rule. N.Y.C.P.L. § 470.05(2). The rule requires a

---

[1] Specifically, the Appellate Division held that "the [petitioner's] contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to . . . disprove the defense of justification beyond a reasonable doubt." Clarke, 11 A.D.3d at 554, 782 N.Y.S.2d at 814-15.

2

defendant to raise an objection at trial in order to preserve it for appellate review, which petitioner failed to do. Since this is an adequate and independent state law ground as applied in this case and petitioner offers no evidence of "cause and prejudice" or that failure to consider the claim will result in a "miscarriage of justice," the claim is procedurally barred. See O'Henry v. Superintendent, No. 05 Civ. 4752, 2007 U.S. Dist. LEXIS 53574 (E.D.N.Y. July 24, 2007) (denying habeas review where petitioner violated contemporaneous objection rule by failing to raise an insufficiency of evidence argument at trial).

## II. The Right To Counsel Claim

### A. Background

Petitioner also moved *pro so* under N.Y.C.P.L. § 440.10 ("§ 440") to vacate his conviction on the ground that he was denied his constitutional right to counsel. The § 440 Court denied petitioner's motion, finding it (1) procedurally barred because petitioner unjustifiably failed to raise it on direct appeal, in violation of N.Y.C.P.L. § 440.10(2)(c), and (2) meritless.[2] The Court of Appeals denied leave on March 6, 2006.

Before trial, petitioner moved to suppress his pre-trial statements to police, arguing that he was not given timely Miranda warnings before making inculpatory statements. The court denied petitioner's motion, holding that there did not appear to be any "meaningful conversation about the substance of this crime before the Miranda

---

[2] N.Y.C.P.L. § 440.10(2)(c) states, in relevant part, that "a court must deny a motion to vacate a judgment when . . . although sufficient facts appear on the record of the proceedings underlying the judgment . . . no such appellate review or determination occurred owing to . . . his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

3

warnings were given and the [petitioner] seems to have been treated fairly by the detectives."

Petitioner raised a different claim before the § 440 Court. He argued that his pre-trial statements during a custodial interrogation were procured in violation of his rights under state law and the Sixth Amendment.[3] Specifically, he argued that on July 18, 2000, the police arrested him pursuant to a bench warrant for a weapons offense for which he had previously obtained counsel.[4] He further alleged that once at the precinct, the police read him his Miranda rights, which he waived, and questioned him about an unrelated murder – the charge that the instant petition is based upon. He argued that because his Sixth Amendment right to counsel had attached on the unrelated weapons charge, he could not waive his rights under Miranda, as to the murder offense, without the presence of counsel.

### B. Procedural Default

The § 440 Court appears to have thought either that petitioner was raising the same Miranda issue considered at the suppression hearing or that there was sufficient discussion of the arrest on the record to support a direct appeal on the new right to counsel claim. Because of this, the § 440 Court found the new claim procedurally barred by N.Y.C.P.L. § 440.10(2)(c).

---

[3] He also claimed that his rights under the Fourteenth Amendment were violated, but only by virtue of the fact that he was denied his right to counsel under the Sixth Amendment.

[4] A bench warrant is "a process of a criminal court in which a criminal action is pending, directing a police officer, or a uniformed court officer . . . to take into custody a defendant in such action who has previously been arraigned upon the accusatory instrument by which the action was commenced, and to bring him before such court." N.Y.C.P.L. § 1.20(30). Its function "is to achieve the court appearance of a defendant in a pending criminal action for some purpose other than his initial arraignment in the action." Id.

4

In order for a state procedural bar to be an adequate basis to bar habeas review, it must be "firmly established and regularly followed *in the specific circumstances of the case*." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003) (emphasis added). Thus, the question here is not whether N.Y.C.P.L. § 440.10(2)(c) is inadequate generally, but whether it was misapplied in this specific case. Id.

I find that the § 440 Court misapplied N.Y.C.P.L. § 440.10(2)(c) because the record contains no evidence of the outstanding bench warrant for the unrelated arrest that petitioner points to nor the fact that his right to counsel had attached. Nor does the record contain a statement by police as to which crime he was arrested for before questioning. Because the § 440.10(2)(c) procedural bar only applies to cases in which the facts do appear on the face of the record, the § 440 Court's misapplication of it in this case cannot bar habeas review.[5]

## C. Merits Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, I review petitions for habeas corpus by a prisoner in state custody in accordance with the deferential standard codified at 28 U.S.C. § 2254(d):

---

[5] I do note, however, that had the § 440 Court relied on N.Y.C.P.L. § 440.10(3)(a), the procedural default may not have been inadequate because the facts related to this claim could have been made to appear on the record with due diligence. N.Y.C.P.L. § 440.10(3)(a) provides, in relevant part, that "the court may deny a motion to vacate a judgment when . . . although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal." Because the § 440 Court did not rely on N.Y.C.P.L § 440.10(3)(a), it cannot serve as a basis for barring habeas review here.

5

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Claims that were adjudicated on the merits in state court proceedings will be given AEDPA deference on federal habeas review. 28 U.S.C. § 2254(d). A state court has adjudicated a claim on the merits when "it disposes of the claim and reduces its disposition to [a] judgment" that either "fairly appear[s] to rest primarily on federal law or to be interwoven with federal law" and does not rest on "a clear and express statement of reliance on a state procedural bar." See Jimenez, 458 F.3d at 145-46.

While the § 440 Court here expressly relied on a procedural bar in denying petitioner's claim, it also held that "there does not, moreover, appear to have been any violation of the defendant's right to counsel in this case." Because the § 440 Court found the claim both barred and meritless, and because I find the procedural bar inadequate, I hold that the state court determined the claim on the merits.[6] In any event, the claim fails under either deferential or *de novo* review. Even if, as petitioner alleges, he was arrested

---

[6] The instant case can be distinguished from Clark v. Perez, 450 F. Supp. 2d 396 (S.D.N.Y. 2006), where the court reviewed the petitioner's claim *de novo* because the last state court to review the claim relied only on the procedural bar. There, the government argued that the state trial court relied on an inadequate procedural bar, and that by further holding that "*were the court to consider* defendant's claim of a deprivation of her constitutional rights, *it would find* the claim completely meritless," Id. at 429 (emphasis in original), the state court adjudicated the claim on the merits. The court rejected the argument, finding the "merits" analysis to be merely dicta, and thus reviewed the claim *de novo*. Here, the state court's merits determination is not dicta; the state court made a direct determination that petitioner's claim failed on the merits.

6

pursuant to a bench warrant for the unrelated offense when he was questioned about the murder, the claim is meritless.

In McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204 (1991), the Supreme Court painstakingly differentiated between the two constitutional rights to counsel: that protected under the Sixth Amendment and that protected under the Fifth Amendment. The two rights come into play independently of one another. As will be discussed below, petitioner asserts that because his Sixth Amendment right to counsel had been invoked for the weapons charge, it automatically invoked his Fifth Amendment right to counsel as to the custodial interrogation on the murder offense and that, once invoked, it could not be waived without counsel present. The Supreme Court expressly rejected this argument in McNeil.[7]

### 1. Sixth Amendment Right To Counsel

The Sixth Amendment right to counsel "provides that 'in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.'" McNeil, 501 U.S. at 175, 111 S.Ct. at 2207. But this right is offense-specific: "it cannot be invoked once for all future prosecutions." Id. In other words, "the fact that the right has attached with respect to one offense does not mean that it has attached with respect to another offense for which judicial proceedings have not yet been initiated." Teixeria v. Greiner, 205 F. Supp. 2d 52, 56 (E.D.N.Y. 2002).

---

[7] The Supreme Court later refined its holding in McNeil, confirming that the Sixth Amendment right to counsel is offense-specific, but explaining that once the right attaches, it encompasses offenses that "even if not formally charged, would be considered the same offense" under the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180 (1932). Texas v. Cobb, 532 U.S. 162, 172, 121 S.Ct. 1335, 1343 (2001). Blockburger held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. The relatedness of the two offenses is not at issue here.

7

Additionally, "once this right to counsel has attached and has been invoked, any subsequent waiver during a police-initiated custodial interview is ineffective." McNeil, at 175, 111 S.Ct. at 2207 (citing Michigan v. Jackson, 475 U.S. 625, 642, 106 S.Ct. 1404, 1410 (1986)). But again, since the Sixth Amendment right is offense-specific, the invalidation of subsequent waivers without the presence of counsel only applies to interrogations *on the charge for which the right to counsel has already attached.* McNeil, 501 U.S. at 175, 111 S.Ct. at 2207.

### 2. Fifth Amendment Right To Counsel

The Supreme Court has implied a right to have counsel's assistance in dealing with police under the Fifth Amendment right against self-incrimination. Id. (citing Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966)). In McNeil, the Court explained that the purpose of the right to counsel under the Fifth Amendment is to "counteract the inherently compelling pressures of custodial interrogation." McNeil, 501 U.S. at 176, 111 S.Ct. at 2208 (internal quotations omitted) (citing Miranda, 384 U.S. 436). This right can, however, be waived. Statements made during an interrogation are admissible if the suspect "knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." McNeil, 501 U.S. at 176, 111 S.Ct. at 2208 (quoting Miranda, 384 U.S. at 475, 86 S.Ct. at 1628).

In McNeil, the Supreme Court further explained that the right to counsel under the Fifth Amendment "is *not* offense-specific: [o]nce a suspect invokes the Miranda right to counsel for interrogation regarding one offense, he may not be reapproached regarding *any* offense unless counsel is present." McNeil, 501 U.S. at 177, 111 S.Ct. at 2208 (emphasis in original). This means that if the suspect has asserted his right to counsel

under the Fifth Amendment, and the police subsequently "initiate an encounter in the absence of counsel . . . the suspect's statements are presumed involuntary and therefore inadmissible[,] . . . even where the suspect executes a waiver and his statements would be considered voluntary under traditional standards." Id. However, these protections are limited in two key ways: (1) the suspect must *invoke* his Miranda rights; and (2) he must have been continuously held in custody. Miranda does not survive a release from custody as it only applies during a custodial interrogation. See id. at 178, 111 S.Ct. at 2209.

### 3. Petitioner's Claim

For the purposes of this discussion we will assume that petitioner's Sixth Amendment right to counsel had attached and had been invoked for the unrelated weapons charge at the time of his custodial interrogation on July 18, 2000. But the fact that petitioner's Sixth Amendment right to counsel had attached, does not, in and of itself, mean that he has invoked his right to counsel under the Fifth Amendment. McNeil, 501 U.S. at 178-81, 111 S.Ct. at 2209-11; United States v. Siraj, 424 F. Supp. 2d 509, 515 n.5 (E.D.N.Y. 2006) (explaining that "the Supreme Court rejected the argument that a defendant invokes his right to counsel under Miranda when his Sixth Amendment right has attached with respect to an unrelated offense."). The Fifth Amendment right is not asserted until, at a minimum, the suspect has made some "expression of a desire for the assistance of an attorney in dealing with custodial interrogation by the police." McNeil, 501 U.S. at 178, 111 S.Ct. at 2209 (emphasis omitted).

Petitioner does not allege that he made any expression of a desire for the assistance of counsel during the custodial interrogation of the murder offense. All that

was asserted was his Sixth Amendment right, which applied only to the unrelated weapons charge. Petitioner was thus free to waive his Miranda rights for the murder offense in the absence of counsel, which he did, and which the trial court found was done knowingly and voluntarily. I therefore find that the admission of petitioner's pre-trial statements did not violate his rights under the U.S. Constitution.

### III. The Confrontation Clause Claim

Petitioner argues here that the Appellate Division violated his rights under the Confrontation Clause, as interpreted by the Supreme Court in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), when it admitted the contents of an autopsy report based on testimony by a medical examiner, albeit not the one who authored the report, without allowing petitioner to cross-examine the report's author. Because petitioner did not present this claim in state court, I find it unexhausted.

"An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Zimmerman v. Burge, No. 06 Civ. 1007, 2007 U.S. Dist. LEXIS 46188 at *40 (E.D.N.Y. June 25, 2007) (quoting Daye v. Attorney Gen. of New York, 696 F.2d 186, 191 (2d Cir. 1982)).

"In a criminal action, the writ of error coram nobis lies in [the state appellate court] only to vacate an order determining an appeal on the ground that the defendant was deprived of the effective assistance of counsel." Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001) (quoting People v. Gordon, 183 A.D.2d 915, 915, 584 N.Y.S.2d 318, 318 (2d Dep't 1992)). The constitutional deprivations raised to support an ineffective assistance

10

of appellate counsel claim are not "fairly presented" to the state courts for exhaustion purposes. Turner, 262 F.3d at 123; see also Zimmerman, 2007 U.S. Dist. LEXIS 46188 at *42 ("A petition for writ of error coram nobis does not exhaust the underlying claims advanced to support the claim of ineffective assistance of counsel."). Here, although petitioner raised this claim to support his *corum nobis* petition, he did not separately present the claim to the state courts. Thus, the claim is unexhausted.

Unexhausted claims may be deemed to be exhausted but procedurally barred if there is no longer an outlet for exhausting the claims in state court. Zimmerman, U.S. Dist. LEXIS 46188 at *40. The facts underlying petitioner's claim are apparent on the face of the record. Since petitioner did not raise the claim on direct appeal, he is procedurally barred from raising it in any other state court proceeding. N.Y.C.P.L. § 440.10(2)(c). Thus, I find the claim exhausted but procedurally defaulted. Since petitioner offers no grounds to excuse the procedural bar, I decline review of the claim.

In any event, the claim is meritless in light of the Second Circuit's decision in United States v. Feliz, 467 F.3d 227, 229 (2d Cir. 2006), which held that "autopsy reports are not testimonial within the meaning of Crawford and, thus, do not come within the ambit of the Confrontation Clause."

### IV. The Ineffective Assistance Of Appellate Counsel Claim

In his reply memorandum of law, petitioner argues that he received ineffective assistance of appellate counsel. Petitioner supports his claim by arguing: (1) that appellate counsel failed to raise his Confrontation Clause claim on direct appeal; and (2) that appellate counsel failed to raise his right to counsel claim on direct appeal. Both of these grounds are meritless.

To succeed on a claim of ineffective assistance under Strickland, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984), a petitioner has to show that his lawyer's conduct "so undermined the proper functioning of the adversarial process" that the process "cannot be relied on as having produced a just result." Specifically, a petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) he was prejudiced by counsel's deficient performance." Jones v. Conway, 442 F. Supp. 2d 113, 124 (S.D.N.Y. 2006).

"In attempting to demonstrate that appellate counsel's failure to raise a state claim constitutes deficient performance, it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made." Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)). Since, as explained above, petitioner's inability to cross-examine the author of the autopsy report was not a violation of the Confrontation Clause, Feliz, 467 F.3d 227, it was not unreasonable that petitioner's appellate counsel did not raise the issue on direct review.

Nor was it unreasonable that petitioner's appellate counsel did not raise his right to counsel claim on direct appeal. Not only is this claim meritless and based on facts outside the record, but it was never preserved for appellate review. Petitioner never objected at trial to the use of his pre-trial statements on the basis that he was in custody for the unrelated weapons charge and questioned in violation of his Sixth Amendment rights. Petitioner only argued at the suppression hearing that he was incorrectly Mirandized. As a result, petitioner failed to preserve the claim in violation of New

12

York's contemporaneous objection rule. N.Y.C.P.L. § 470.05(2). It cannot be unreasonable for appellate counsel not to raise an unpreserved issue on appeal.

For the reasons stated above, the petition is DENIED. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253.

**SO ORDERED.**

S/Brian M. Cogan, USDJ

_____
U.S.D.J.

Dated: Brooklyn, New York
August 6, 2007